Several issues were, by a former order in this cause, directed to be tried at law, and the cause, regularly, as was supposed, *14 brought on the Court-docket, after a motion to dissolve the injunction had been overruled ; and now, a motion to set aside the order directing those issues, upon the ground that they should not originally have been directed, and to dissolve the injunction, (as the Court had done in the case of Vass v. Magee,) being made ; the Court, upon mature consideration, directed the order to be set aside and the injunction dissolved : upon which the plaintiff’s counsel said, it was the course of the Court, in all cases, where a motion was made to dissolve an injunction, and the cause stood on the Court-docket, to consider it as a final hearing, and therefore hoped in this case the decree would be final. The bill was accordingly dismissed, from ■ which decree an appeal was asked and granted. But, some doubts being stated as to the practice, the Court declared the rule to be, that in all cases where an injunction has been granted, and no motion made to dissolve, until the cause is regularly set for hearing on the Court-docket, the hearing shall then be final. Upon this being stated by the Court, as the rule of practice in future, the counsel for the defendant shewed, to the satisfaction of the Court, that this cause had been irregularly brought on. the Court-docket, which the clerk said was the fact. The order for dismissing the bill was, therefore, set aside, and the injunction only dissolved. The plaintiff’s counsel then prayed an appeal, which was denied.